UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                   *Plaintiff*,

   -*against*-

ZURICH AMERICAN INSURANCE
COMPANY,

                   *Defendant*.

-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-4-16

14 Civ. 7568 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    This insurance coverage dispute arises from a 2012 incident in which three employees of NASDI LLC were injured while doing construction work at New York City's St. George Ferry Terminal in Staten Island. The employees brought a personal injury suit against the City as the owner and Conti of New York, LLC.[1] Conti was the general contractor, which, in turn, subcontracted with NASDI for the construction project. Conti had a general liability policy with Plaintiff Liberty Mutual Fire Insurance Company (the "Liberty Policy") and NASDI had a general liability policy with Defendant Zurich American Insurance Company (the "Zurich Policy").

    Liberty now seeks a declaration that the City is an additional insured on the Zurich Policy

---

[1] More precisely, the employees sued both the City of New York and the New York City Department of Transportation. Since the City of New York and its Department of Transportation are a single legal entity, they will hereinafter be referred to collectively as "the City." *See Khela v. City of New York*, 91 A.D. 3d 912, 913 (N.Y. App. Div. 2012) ("The New York City Department of Transportation is a department of the City of New York, and is not a separate legal entity.").

1

and that Zurich is obligated to defend and indemnify the City in the underlying litigation. On the parties' cross-motions for summary judgment, the Court holds (i) the City is an additional insured on the Zurich Policy; (ii) Zurich must defend and indemnify the City in the underlying litigation on a co-primary basis with Liberty; and (iii) Zurich must pay Liberty its accrued legal fees plus interest in defending the underlying litigation.

## BACKGROUND

The relevant facts are undisputed. The City, owner of the St. George Ferry Terminal, retained Conti to be general contractor and project manager for a construction and rehabilitation project at the Terminal. Pl. 56.1 Stmt., Dkt. 34 ¶¶ 3, 37. Conti held a commercial general liability policy with Liberty. *Id.* ¶ 20. On November 20, 2009, Conti and NASDI entered into a written subcontract, in which NASDI agreed to perform certain work as part of the project. *Id.* ¶ 22. The subcontract required that NASDI obtain an insurance policy covering at least $1 million in commercial general liability and $5 million in umbrella liability. *Id.* ¶ 22. The subcontract also required that Conti and the City be named as additional insured under that insurance policy. *Id.* NASDI bought a commercial general liability insurance policy from Zurich, which lists NASDI as a named insured and provides that additional insured include "[a]ny person or organization with whom you have agreed, through written contract, agreement or permit, executed prior to the loss, to provide additional insured coverage . . . ." *Id.* ¶¶ 40, 45.

As alleged in the underlying action, on January 18, 2012, three NASDI employees were injured as they were breaking up concrete, excavating foundations, and constructing a new concrete ramp at the ferry terminal. *Id.* ¶¶ 6, 12, 18. The employees commenced personal injury suits in New York Supreme Court in November 2012, which were later consolidated in June 2014 and are still pending. *Id.* ¶ 19. On April 11, 2012, Liberty tendered notice of one of the

three actions to Zurich and requested that Zurich provide additional insured coverage to the City and Conti pursuant to the Zurich Policy. *Id.* ¶ 24. Liberty sent subsequent letters to Zurich tendering notice of the other two actions. *Id.* ¶¶ 25, 26.

## DISCUSSION

### I. Applicable Law

"Generally, the courts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on specific language of the policies." *State of N.Y. v. Home Indem. Co.*, 66 N.Y.2d 669, 671 (1985). "[T]he unambiguous provisions of an insurance policy, as with any written contract, must be afforded their plain and ordinary meaning, and [] the interpretation of such provisions is a question of law for the court." *Broad St., LLC v. Gulf Ins. Co.*, 37 A.D.3d 130-31 (N.Y. App. Div. 2006).

### II. Analysis

Zurich contends that the City is not an additional insured on the Zurich Policy.[2] Zurich argues that in order for the City to be an additional insured on the Zurich Policy, NASDI must have a written agreement with the City in which NASDI agrees to provide additional insured coverage to the City. Since NASDI has no written contract at all with the City, Zurich asserts, the City is not an additional insured on the Zurich Policy.

The Court rejects that argument as an incorrectly cramped reading of the policy language. As two other New York courts interpreting functionally identical language in Zurich insurance policies have already held, the Zurich Policy's additional insured clause, by its plain language, "extends coverage to any person or organization with whom the insured [] agreed in a written

---

[2] Zurich concedes that Conti is an additional insured on the Zurich Policy and, as such, Zurich is obligated to defend and indemnify Conti in the underlying litigation.

3

contract to provide insurance for." *Am. Home Assur. Co. v. Zurich Ins. Co.*, 26 Misc.3d 1223(A), at *4 (N.Y. Sup. Ct. 2010); *see also Plaza Constr. Corp. v. Zurich Am. Ins. Co.*, 2011 N.Y. Misc. LEXIS 1234, at *8-9 (N.Y. Sup Ct. 2011). "Zurich's additional insured endorsement is not so restrictive as to limit coverage to only the person or organization with whom [NASDI], the named insured, contracted." *Id.* Here, since NASDI promised to procure additional insurance coverage for both Conti and the City in its written contract with Conti, the City is covered as an additional insured on the Zurich Policy.[3] Since the City is an additional insured, Zurich is obligated to defend and indemnify the City in the underlying litigation.

In their summary judgment briefing, the parties disputed whether Zurich's coverage of the City is primary or co-primary as to Liberty. But at oral argument, Liberty conceded that they are co-primary. Transcript of Jan. 21, 2016 Proceedings, at 9. As such, the Court holds that Zurich and Liberty are obligated to defend and indemnify the City on a co-primary basis.

Liberty seeks legal fees accrued in defending the underlying litigation in the amount of $103,431.88, which represents Liberty's fees since its initial tender to Zurich on April 11, 2012. Liberty also seeks interest of nine percent per annum from March 15, 2014. Liberty is entitled to the costs it has incurred post-tender, *see Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84, 94 (N.Y. App. Div. 2005), and Zurich does not dispute the interest request and amount. As such, subject to the parties' status as co-primary insurers, the Court grants judgment to Liberty in the amount of $103,431.88, plus interest of nine percent per annum from March 15, 2014.

---

[3] While other courts have reached a contrary interpretation of similar policy language, the Court declines to follow them because they add a requirement of direct contractual privity between the named insured and the purported additional insured that does not exist in the policy language. *See Murnane Bldg. Contrs., Inc. v. Zurich Am. Ins. Co.*, 33 Misc.3d 1215(A) (N.Y. Sup. Ct. 2011); *Zoological Soc. of Buffalo, Inc. v. Carvedrock, LLC*, No. 10 cv 35, 2014 WL 3748545, at *2 (W.D.N.Y. 2014).

## CONCLUSION

The Court holds that Conti and the City are additional insureds on the Zurich Policy, and Zurich is obligated to defend and indemnify Conti and the City in the underlying litigation as co-primary insurer with Liberty. The Court issues judgment in Liberty's favor, subject to the parties' status as co-primary insurers, in the amount of $103,431.88, plus interest of nine percent per annum from March 15, 2014. The Clerk is directed to enter judgment in Liberty's favor and terminate 14 cv 7568.

Dated: New York, New York
February 4, 2016

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge